UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-CV-00643

| | |
|---|---|
| TRACIE BRAFFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ) | |
| RUE21, INCORPORATED ) | |
| ) | |
| Defendant. ) | |
| ) | |

## I. INTRODUCTION

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss and Motion to Strike (Doc. No. 10) and Defendant's similar motion (Doc. No. 22) filed after Plaintiff filed an amended complaint (Doc. No. 19). Defendant's original motion (Doc. No. 10) is HEREBY DENIED as moot. See (Doc. No. 22, ¶ 6) ("Plaintiff's Amended Complaint moots Defendant's prior motion directed at Plaintiff's original pleading."); Young v. City of Mount Ranier, 228 F.3d 567, 573 (4th Cir. 2001). Defendant's subsequent motion (Doc. No. 22) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

The parties spend considerable time discussing whether Defendant's Memorandum in Support of the Motion to Dismiss and Motion to Strike should be considered by the Court. Plaintiffs contend that the memorandum was not timely filed and was emailed to the Clerk of Court instead of filed electronically. In Defendant's reply, Defendant states that "[counsel], upon observing that Rue21's brief did not appear in the docket, worked with the Clerk of Court . . . to ensure that rue21's brief correctly appeared with rue21's other filings and a complete ECF notification was generated" (Doc. No. 25, p.1). Nonetheless, a memorandum supporting the

motion does not appear on the docket in this case and therefore was not considered by the Court.

## II. BACKGROUND

According to the amended complaint (Doc. No. 19), Plaintiff injured her arm while working for Defendant (Doc. No. 19, ¶ 34) and consequently took a medical leave of absence under the Family Medical Leave Act (FMLA), which was approved by Defendant (Doc. No. 19, ¶ 37-38). Plaintiff then tried repeatedly to return to work subject to limitations set by her doctor (Doc. No. 19, ¶ 46-85), but, after an attorney representing Plaintiff contacted Defendant (Doc. No. 19, ¶ 78), Plaintiff was terminated (Doc. No. 19, ¶ 86).

Defendant filed the instant motion requesting the following relief:

(1) Plaintiff's "First Claim of Relief" be stricken and dismissed with prejudice as redundant of Plaintiff's second through sixth claims for relief.

(2) Plaintiff's "Second Claim for Relief" be dismissed with prejudice for failure to state a claim, or, in the alternative, be stricken and dismissed with prejudice as redundant of Plaintiff's third claim;

(3) Plaintiff's "Fifth Claim for Relief" be stricken and dismissed with prejudice as redundant of Plaintiff's fourth claim;

(4) Plaintiff's "Sixth Claim of Relief" be dismissed with prejudice for failure to exhaust administrative remedies;

(5) Plaintiff's "Seventh Claim for Relief" be dismissed with prejudice for failure to state a claim;

(6) Plaintiff's "Eighth Claim for Relief" be dismissed with prejudice, in part, for failure to state a claim.

The Court considers these requests for relief in turn herein.

### III. DISCUSSION

Fed. R. Civ. P. 12(f) provides that the "court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant as a dilatory tactic.'" Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (citing 5A A. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647 (2d ed.1990)). "Nevertheless, 'a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." Id. (citing 5A A. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1381, 665 (2d ed.1990)).

A.  **Motion to Strike Claim One**

Defendant first contends that Plaintiff's first claim of relief is redundant of the remainder of her claims. Plaintiff's first claim for relief, intentional discrimination on the basis of disability, does arise out of the same facts as those in claims two (2) through six (6); however, while Plaintiff may not be able to recover under all claims of relief, that does not necessitate striking them from the complaint. See Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). In other words, the same set of facts could be pled, and relief sought, under more than one legal theory or federal statute. In the instant case, discrimination based on disability could be a cognizable claim and it would be improper to strike it from the pleading. See generally 42 U.S.C. § 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of disability . . . ."). Therefore, with respect to Plaintiff's first claim for relief, Defendant's motion is DENIED.

B.  **Motion to Strike Claim Two**

Next, Defendant moves to strike Plaintiff's second claim for relief, which requests relief for Defendant's failure to engage in the interactive process to identify reasonable accommodations for Plaintiff in light of her disability because it fails to state a claim upon which relief can be granted and is redundant of Plaintiff's third claim for relief.  Once an employer's duty under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., is triggered, it may be necessary for the employer to engage in an "interactive process" to determine the appropriate accommodations for a certain employee under the circumstances.  See Walter v. United Airlines, Inc., 232 F.3d 892, *4 (4th Cir. 2000) (unpublished table decision); see also 29 C.F.R. pt. 1630, app. (2010) ("Once a qualified individual with a disability has requested provision of a reasonable accommodation, the employer must make a reasonable effort to determine the appropriate accommodation.").  However, "an employee cannot base a reasonable accommodation claim solely on the allegation that the employer failed to engage in an interactive process."  Walter, 232 F.3d at *4 (citing Rehling v. City of Chicago, 207 F.3d 1009, 1016 (7th Cir. 2000)); see Haneke v. Mid-Atlantic Capital Management, 131 F. App'x 399, 400 (4th Cir. 2005) (stating that failure to engage in the interactive process is implicit in the requirement to provide reasonable accommodations).  That does not mean Plaintiff is without remedy, it only means that Plaintiff "must demonstrate that the employer's failure to engage in the interactive process resulted in the failure to identify an appropriate accommodation for the disabled employee."  Id.  Here, Plaintiff alleges in her third claim for relief a failure to make reasonable accommodations, which includes a requirement of engaging in the interactive process.  See Haneke, 131 F. App'x at 400.  Therefore, her second claim for relief for failing to engage in the interactive process must fail as a matter of law and Defendant's motion to strike Plaintiff's second claim for relief is GRANTED.

C.  **Motion to Strike Claim Five**

Defendant next seeks to have Plaintiff's fifth claim for relief for intentional disability discrimination based upon disparate treatment struck as redundant of Plaintiff's fourth claim for wrongful termination. For both of these claims, Plaintiff cites 42 U.S.C. § 12112(a), as Plaintiff cited for her first claim of relief. While the court declined to strike Plaintiff's first claim of relief as redundant of claims two (2) through (6), the Court finds no new facts or allegations in her fifth claim of relief and finds it redundant of the first claim. Intentional discrimination based upon disparate treatment is not a separate claim, but is the essence of the ADA. See Shin v. University of Maryland Medical System Corp., 369 F. App'x 472, 479 (4th Cir. 2010) (recognizing that the ADA prohibits disparate treatment and the failure to make reasonable accomodations). Furthermore, Plaintiff's fifth claim is also redundant of Plaintiff's fourth claim for relief for wrongful termination. Compare (Doc. No. 19, ¶ 151) (fourth claim of relief stating "Defendant intentionally terminated Plaintiff on the basis of disability . . .") with (Doc. No. 19, ¶ 162) (fifth claim of relief stating "Defendant intentionally terminated Plaintiff's employment on the basis of disability . . ."). Therefore, as to Plaintiff's fifth claim of relief, Defendant's motion is GRANTED and Plaintiff's fifth claim of relief is STRICKEN.

D.  **Motion to Strike Claim Six**

Next, Defendant argues that Plaintiff's Sixth Claim for Relief, which alleges retaliation, should be stricken for failure to exhaust administrative remedies. If administrative procedures remain, the Court does not have jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) to proceed on the sixth claim of relief. See generally Jones v. Calvert Grp, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (noting that failure by a plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim). The Court may

consider evidence outside of the pleadings for this portion of the motion because it calls into question the subject matter jurisdiction of the Court.  See Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (noting that when subject matter jurisdiction is challenged, the Court is to regard the pleadings as "mere evidence" on the issue and may consider evidence outside of the pleadings without converting the proceeding to one for summary judgment).

In order to bring a claim under the ADA, Plaintiff must first exhaust administrative remedies by filing a charge with the EEOC.  Tetreault v. Advanced Federal Services Corp., 2012 WL 1190720 (E.D. Va. 2012); Downie v. Revco Discount Drug Centers, Inc., 448 F. Supp. 724, 728 (W.D. Va. 2006) (citing Chacko v. Patuexent Inst., 429 F.3d 505, 506 (4th Cir. 2005)).  Here, Plaintiff contends that she alleged retaliation in the initial intake questionnaire, which is clear.  Not only did Plaintiff check a box indicating she believed she suffered from retaliation, (Doc. No. 25, Ex. 6, Pt. II, p. 3) (showing the retaliation box checked under the question "What is the reason (basis) for your claim of employment discrimination?"), she wrote in prose "I also believe Rue21 repeatedly refused to return me to work based upon retaliation for my filing of a worker's compensation claim and based upon the fact that I contacted an attorney about concerns regarding disability discrimination, of which they were aware."  (Doc. No. 25, Ex. 6, Pt. II, p. 7).

The question of whether an intake questionnaire qualifies as a charge is not a binary one.  Depending on the situation, an intake questionnaire may or may not be considered a "charge."  See Smith v. Verizon Washington, D.C., 2011 WL 5547996 (D. Md. 2011) ("Although [Plainitiff] did check the box for "disability" and provide information about his disability on the EEOC Intake Questionnaire, completed the same day as his initial Charge of Discrimination, the Intake Questionnaire does not itself constitute a Charge of Discrimination sufficient to confer

subject matter jurisdiction over the ADA claims.") (citing Fed. Express Corp. v. Holoweciki, 552 U.S. 389, 402 (2008)); Hardin v. Belmont Textile Machinery Co., 2008 WL 3925073 (W.D.N.C. 2008), reversed in part on other grounds 355 F. App'x 717 (4th Cir. 2009) (noting that Plaintiff had no right of action under the ADA because he did not allege disability discrimination on his EEOC charge, despite completing an intake questionnaire that explored the prospect of a disability claim); Davis v. Montgomery County Dept. Of Transp., 2012 WL 748392 (D. Md. 2012) ("An EEOC intake questionnaire constitutes a charge if it is in writing, provides information sufficient to identify the parties and describes generally the allegedly unlawful employment practices, and it can be reasonably construed as a request for remedial action."); 29 C.F.R. § 1626.8 (outlining the contents of a "charge").

Federal Express Corp. v. Holowecki, 552 U.S. 389 (2008), a case involving an Age Discrimination in Employment Act claim, is particularly instructive to the Court. In that case, the Supreme Court held that not every intake questionnaire is to be treated as a charge, but an intake questionnaire could contain information sufficient to make it a charge. Id. at 405. "Charge" is not defined by statute, but regulations promulgated by the Equal Employment Opportunity Commission (EEOC) specify that a charge should contain the following: 1) the full name, address, and telephone number of the person making the charge; 2) the full name and address of the person against whom the charge is made; 3) a clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices; 4) if known, the approximate number of employees of the prospective defendant employer or members of the prospective defendant labor organization; and 5) a statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a state agency charged with the enforcement of fair employment practice laws and, if so, the date

of such commencement and the name of the agency. 29 C.F.R. § 1626.8(a). However, the regulations also state that notwithstanding the provisions listed, "a charge is sufficient when the Commission receives from the person making the charge either a written statement or information reduced to a writing by the Commission that conforms to the requirements." 29 C.F.R. § 1626.8(b). Plaintiff's intake questionnaire includes her name, but not her address or phone number. It includes the full name and address of Defendant, however, as well as a clear and concise statement of the facts in prose. It also includes the approximate number of employees of Defendant and a statement that Defendant has not received help from an attorney or any other source except for her workers compensation attorney (See Doc. No. 19, Ex. 6, Part II). The elements of a charge are largely present; however, the elements alone are not enough. Holowecki, 552 U.S. at 397 ("[A] document meeting the requirements of § 1626.6 is not a charge in every instance.").

The Holowecki case indicates that whether the questionnaire is a charge turns on whether, in addition to the information required by the regulations, the questionnaire is reasonably construed by an objective person as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and employee. Id. at 402. Here, Plaintiff had the choice to speak with an EEOC employee before deciding whether to file a charge, but Plaintiff did not request to do so. Instead, Plaintiff asserted on the questionnaire that she wanted to file a charge of discrimination, (Doc. No. 19, Ex. 6, Pt. 11, p. 5), and authorized the EEOC to contact her employer about the charge, a fact the Holowecki court found significant. Holowecki, 552 U.S. at 401. Therefore, the Court finds that checking the retaliation box and recounting facts of retaliation in the intake questionnaire, in this case in particular, does amount to a charge. Therefore, Plaintiff has properly exhausted the

administrative remedies and the Court has jurisdiction to hear her retaliation claim. Defendant's motion to strike Plaintiff's sixth claim for relief is therefore DENIED.

E.  **Motion to Strike Claim Seven**

Defendant's motion to strike claim seven (7) is based on Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. The Court looks to the complaint to ascertain its sufficiency. See, e.g., Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). Plaintiff alleges that Defendant terminated her employment because she took twelve (12) weeks of leave under the Family Medial Leave Act (FMLA) to support her contention of retaliation in violation of the FMLA. The amended complaint (Doc. No. 19) states sufficient facts that a reasonable jury could find that Plaintiff is entitled to relief, such as the fact that Plaintiff's FMLA leave was referenced in the letter notifying Plaintiff of her termination. Therefore, Defendant's motion with respect to the seventh claim for relief is DENIED.

F.  **Motion to Strike Claim Eight**

Defendant seeks to strike Plaintiff's eighth claim for relief under Fed. R. Civ. P. 12(b)(6) as well. Under this claim for relief, Plaintiff seeks damages under common law for terminating an employee based upon reasons that violate public policy. Plaintiff pleads adverse actions by Defendant, states there was no legitimate business reason to engage in those adverse employment actions, and that those actions violated North Carolina Public Policy. At this stage, the Court does not address the merits, but finds the amended complaint (Doc. No. 19) sufficient to state a claim upon which relief can be granted. Plaintiff pleads that under common law in North Carolina it is unlawful to terminate an employee based upon reasons that violate public policy and cites authority that states the public policy of North Carolina, which may be in conflict with Plaintiff's termination. Therefore, Defendant's motion to strike Plaintiff's eighth

claim for relief is DENIED.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is DENIED. Defendant's Motion to Strike (Doc. No. 22) is GRANTED IN PART AND DENIED IN PART. Defendant's previous motion (Doc. No. 10) is DENIED AS MOOT. Therefore, Plaintiff's second and fifth claims for relief are STRICKEN. All other claims for relief shall remain.

IT IS SO ORDERED.

Signed: May 1, 2012

Frank D. Whitney
United States District Judge