**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:11-CV-643-FDW-DCK**

| | |
|---|---|
| **TRACIE BRAFFORD,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**RUE21, INCORPORATED,** )<br>)<br>**Defendant.** )<br>_____ ) | **CONSENT PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and upon agreement of counsel, and deeming it just and proper to do so, the Court enters the following Order:

1. This Order governs the handling and disclosure of all materials produced, given or filed herein by Tracie Brafford or rue21, inc. ("the Parties") and designated as "CONFIDENTIAL." For purposes of this Order, CONFIDENTIAL INFORMATION includes, but is not limited to, confidential personnel information, confidential medical information, confidential financial information, and confidential human resources and business information.

**WHEREFORE, IT IS HEREBY ORDERED that**:

1. The Protective Order is entered pursuant to the Federal Rules of Civil Procedure.

2. "CONFIDENTIAL INFORMATION" as used herein means:

   a. All information and documents pertaining to Plaintiff's income and/or tax returns of Plaintiff;

   b. Any documents or information which are contained in a personnel, medical, or workers' compensation file maintained by any party, regardless of whether such files are related to Plaintiff, a current or former employee of rue21, inc.,

or contractor of rue21, inc.;

c. Any documents or information which are part of a workers' compensation file pertaining to Plaintiff;

d. Any and all personally identifiable medical information and documents related to Plaintiff;

e. Any and all documents referring or related to confidential and proprietary human resources or business information belonging to Defendant; Defendant's financial records; compensation of Defendant's current or former personnel; Defendant's policies, procedures and/or training materials; and/or Defendant's organizational structure; and

f. Any portions of depositions (audio or video) where CONFIDENTIAL INFORMATION is disclosed or used as exhibits.

3. In the case of documents and the information contained therein, designation of CONFIDENTIAL INFORMATION produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential.

4. CONFIDENTIAL INFORMATION shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced CONFIDENTIAL INFORMATION shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5. Qualified recipients shall include only the following:

(A) The Court;

(B) Counsel for the parties to this action, their legal assistants and other staff members and employees;

(C) Experts or consultants retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

(D) The parties to this action and officers, directors or employees of the parties who are actively participating in the prosecution or defense of this action;

(E) Court reporters or videographers engaged to record depositions, hearings or trials in this action;

(F) Outside companies engaged by counsel for the parties to photocopy or otherwise process documents containing CONFIDENTIAL INFORMATION; and

(G) Deponents during the course of their depositions or potential witnesses of this case.

6. Disclosure of CONFIDENTIAL INFORMATION pursuant to this Order shall be handled as follows:

a. Qualified recipients described in subparagraphs 3(A), (B), (D), (E), (F), and (G) of this Order are bound by the provisions of this Order without the necessity of executing a separate confidentiality agreement. Qualified recipients described in subparagraphs 3(A), (B), (D), (E), (F), and (G) to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Each counsel shall be responsible for providing

notice of the Protective Order and the terms therein to such qualified recipients to whom they disclose "Confidential Information," as defined by the terms of the Protective Order. Qualified recipients described in subparagraphs 3(A), (B), (D), (E), (F), and (G) may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

    b. Prior to making disclosures to any person set forth in subparagraph 3(C) of this Order, the party disclosing the CONFIDENTIAL INFORMATION shall inform any persons to whom disclosure is made that CONFIDENTIAL INFORMATION shall be used for the purposes of the prosecution or defense of this action only, and that said person shall be bound by the terms of this Order and shall execute an Agreement to be bound by the this Order. The parties shall obtain from such persons a written statement in the form of <u>Exhibit A</u>, attached hereto. A record of all persons to whom disclosures are made shall be kept and all the written statements signed by those persons shall be retained in the possession, custody, and control of counsel by whom the person is retained. All CONFIDENTIAL INFORMATION, and any documents containing information derived therefrom, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable.

7. The production or disclosure of CONFIDENTIAL INFORMATION pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use

of CONFIDENTIAL INFORMATION during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the relevancy, admissibility, discoverability, authenticity, foundation or any other objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence in connection with any proceeding in this action.

8. No CONFIDENTIAL DOCUMENTS produced pursuant to this Order shall be used for any purpose other than for purposes of this litigation.

9. If any CONFIDENTIAL INFORMATION is used in connection with a deposition or other discovery or documents that are filed with the court, or are quoted or referenced in any memorandum, pleading or other paper filed with the court, the deposition transcript, filing or paper shall be submitted to the court with a request that the document be placed under seal and appropriately marked to indicate that the transcript, filing or paper is subject to the terms of this Order, or redacted so as to eliminate sensitive personal information.

10. If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

11. The inadvertent, unintentional or <u>in camera</u> disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

12. Upon termination of this action by entry of a final judgment (inclusive of any appeals

5

or petitions for review), the parties may request the return of all previously furnished CONFIDENTIAL INFORMATION, including any copies thereof, and each person or party to whom such CONFIDENTIAL INFORMATION has been furnished or produced shall be obligated to return it within thirty (30) days of said request. Counsel for the parties shall be permitted to maintain such documents for their case files, subject to the terms of this Order.

13. Each person who receives CONFIDENTIAL INFORMATION submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

14. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

15. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

WE CONSENT:

This the 18th day of June, 2012.

s/Stephanie H. Webster
Stephanie H. Webster
Law Offices of Stephanie H. Webster
State Bar No. 12164
Post Office Box 6012
Gastonia, North Carolina 28056
Telephone:     803-372-8744
Email: shwebster@comporium.net
Attorney for Plaintiff


s/Julie K. Adams
Julie K. Adams
Littler Mendelson, P.C.
State Bar No. 32773
Bank of America Corporate Center
100 North Tryon Street, Suite 4150
Charlotte, North Carolina 28202
Telephone:     704-972-7000
Email: jkadams@Littler.com
Attorney for Defendant


SO ORDERED.

Signed: June 19, 2012

David C. Keesler
United States Magistrate Judge

# EXHIBIT A

## Agreement concerning material covered by a Protective Order entered in the United States District Court for the Western District of North Carolina.

The Undersigned acknowledges that she/he has read the Protective Order entered by the Court dated _____, 2012, in the civil action entitled Tracie Brafford v. Rue21, Inc., (Civil Action No. 3:11-CV-00643), understands the terms thereof, and agrees to be bound by such terms. The undersigned hereby acknowledges that she/he is subject to the jurisdiction of the United States District Court for the Western District of North Carolina with regard to this Protective Order and understands (I) the violation of the Order shall subject the offender to such penalties, damages and other relief as may be permitted by law, and (2) that the jurisdiction of the Court regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.

_____
(Date)


_____
(Signature)

Subscribed and sworn before me,
this ____ day of _____, 20___


_____
NOTARY PUBLIC

My commission expires: _____